Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

Attorney for Debtors
Narsi Samii
Dounia Rofii Samii

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

| | |
|---|---|
| In re: | Case Number : 21-10111 |
| NARSI SAMII<br>DOUNIA ROFII SAMII | Chapter 7 |
| Debtors. | MOTION TO AVOID SECURED JUDICIAL LIEN OF WVJP 2018-3 LP |
| SSN : XXX-XX-1038<br>SSN : XXX-XX-4706 | 11 U.S.C. §522 |
| | Date: April 7, 2021<br>Time: 11:00 AM<br>Trustee: Timothy W. Hoffman<br>Judge: Hon. Charles Novak<br>Court: 99 South E Street<br>Santa Rosa, California 95404 |

# I. INTRODUCTION

Debtors Narsi Samii and Dounia Rofii Samii (hereinafter collectively "Debtors") hereby moves this Court for an Order pursuant to 11 U.S.C. §522 to avoid the junior judicial lien of Creditor Codding Enterprises as assigned to WVJP 2018-3 LP (hereinafter collectively "Creditor") as this lien impairs the homestead exemption claimed by Debtor in that real property owned by Debtors and commonly know as 4672 Lambert Court, Santa Rosa, California, 95403 bearing Sonoma County Assessor's Parcel Number 058-300-050-000. (Hereinafter "Property").

This Motion is based on the fact that Creditor's lien is an involuntary judicial lien and thus subject to avoidance under 11 U.S.C. §522, and the lack of any equity to which Creditor's lien can attach after the application of Debtor's homestead exemption claimed pursuant C.C.P. § C.C.P. §704.730. For these reasons, the Debtor moves the Court for an order avoid this lien of Creditor.

# II. RELEVANT FACTS

The present case was commenced on February 26, 2021. Timothy Hoffman was duly appointed to serve as Trustee.

As shown in the filed schedules of this case, the Debtors own of that real property commonly known as 4672 Lambert Court, Santa Rosa, California, 95403 bearing Sonoma County Assessor's Parcel Number 058-300-050-000. (Hereinafter "Property"; See Declaration of Debtors, ¶4).

The Property burned down in wildfires of 2017 and is still being rebuilt, and as a result of the partial completion of the reconstruction, Debtors cannot obtain a formal appraisal. (See Declaration of Debtors, ¶5-6).

Debtors believe the present value of the Property is $590,000.00 as determined by comparable sales in the area and through online research tools including Zillow. (See Declaration of Debtors, ¶7).

Debtors have claimed an exemption for the Property in Schedule C of this case pursuant to C.C.P. §704.730 in the amount of $590,000. (See Declaration of Debtors, ¶8).

There are four liens against the Property which are as follows:

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

a. Wells Fargo first deed of trust securing a line of credit recorded on August 7, 1998 in the original amount of $50,000 with current balance of $101,319.00 and designated in the official records of Sonoma County as document number 1998-0090291. (See Declaration of Debtors, ¶9a & Ex. A).

b. Wells Fargo second deed of trust securing a line of credit recorded on May 21, 2008 in the original amount of $115,000 with current balance of $182,661.00 and designated in the official records of Sonoma County as document number 2008-046791. (See Declaration of Debtors, ¶9b & Ex. B).

c. An abstract of judgment in favor of Codding Enterprises recorded on November 8, 2011 in the original amount of $243,330.00 and current balance of $513,613.00 and designated in the official records of Sonoma County as document number 2011-099376. (See Declaration of Debtors, ¶9c & Ex. C).

d. An abstract of judgment in favor of Codding Enterprises as assigned to WVJP 2018-3 LP recorded on October 7, 2019 in the original amount of $243,330.00 and current balance of $513,613.00 and designated in the official records of Sonoma County as document number 2019-072721. (See Declaration of Debtors, ¶9d & Ex. D).

Debtors are informed and believe, and thereon allege, that there are voluntary liens on the Property in the amount of $283,980.00. (See Declaration of Debtors, ¶10).

Debtors are informed and believe, and thereon allege, that without the judicial liens we have equity in the Property in the amount of approximately $306,020.00. (See Declaration of Debtors, ¶11).

### III. LEGAL ARGUMENT

A motion to avoid a judicial lien under 11 U.S.C. §522(f) can be sought by noticed motion pursuant to FRBP §4003(d), thus presenting a contested matter under FRBP §9014, and an adversary proceeding is not required pursuant to FRBP §7001.

Pursuant to 11 U.S.C. §522(f), a debtor in Chapter 7 may avoid adverse judicial liens

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

Case: 21-10111   Doc# 14   Filed: 03/11/21   Entered: 03/11/21 19:19:43   Page 3 of 4
MOTION TO AVOID SECURED JUDICIAL LIEN        Page 3 of 4        IN RE SAMII 21-10111

where the interest of the debtor in exempt property would be protected but for the existence of the creditor's lien or interest. The debtor's avoiding power under 11 U.S.C. §522(f) is limited to circumstances where a lien impairs the debtor's exemption. Under 11 U.S.C. §522(f)(1)(A), judicial liens on otherwise exempt property are subject to avoidance.

    As set forth above, in the present case Creditor holds a judicial lien against the Property that is within the scope of 11 U.S.C. §522(f)(1)(A). A judicial lien is a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." (11 U.S.C. §101(36); see also 4 Collier on Bankruptcy P 522.11 (16th 2020)). In the present case, Creditor obtained a judgment against Debtor and recorded an abstract of judgment, giving rise to the present lien against the Property. (See Declaration of Debtors, ¶9c, 9d & Ex. C-D). As a result, this lien falls within the ambit of 11 U.S.C. §522(f)(1)(A).

    As set forth above, there is no reasonable dispute that Creditor's lien is an involuntary judicial lien and thus subject to avoidance under 11 U.S.C. §522. In addition, there is no equity to which Creditor's lien can attach after the application of Debtors' homestead exemption as claimed pursuant C.C.P. §704.730. This lien therefore impairs Debtors' homestead exemption, and as a result, 11 U.S.C. §522 applies and the lien of Creditor should be ordered avoided.

Dated: March 11, 2021

                                           /s/ Thomas P. Kelly III
                                           Thomas P. Kelly III
                                           Attorney at Law

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700