1  CURRY ADVISORS
   A Professional Law Corporation
2    K. Todd Curry (149360)
   185 West F Street, Ste. 100
3  San Diego, California 92101
   Telephone: (619) 238-0004
4  Fax Number: (619) 238-0006
   email: tcurry@currylegal.com
5
   Counsel for Secured Creditor
6  WVJP 2018-3, LP

7

8

9                   UNITED STATES BANKRUPTCY COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                         SANTA ROSA DIVISION

12 | In re                                  ) | CASE NO. 21-10111
   |                                        ) |
13 |                                        ) |
   | NARSI SAMII and                        ) | Chapter 7
14 |                                        ) |
   | DOUNIA ROFII SAMII,                    ) |
15 |                                        ) | MOTION TO EXCUSE TURNOVER OF
   |                                        ) | REAL PROPERTY BY COURT-
16 |           Debtors.                     ) | APPOINTED RECEIVER;
   |                                        ) |
17 |                                        ) | MEMORANDUM OF POINTS AND
   |                                        ) | AUTHORITIES
18 |                                        ) |
   |                                        ) |
19 |                                        ) | Date:    April 16, 2021
   |                                        ) | Time:    11:00 a.m.
20 |                                        ) | Trustee: Timothy W. Hoffman
   |                                        ) | Judge:   Hon. Charles Novak
21 |                                        ) | Court:   Courtroom 215
   |                                        ) |          1300 Clay Street
22 |                                        ) |          Oakland, CA

23 TO: CHAPTER 7 TRUSTEE TIMOTHY W. HOFFMAN, THE DEBTORS, AND OTHER

24 INTERESTED PARTIES:

25        Secured creditor WVJP 2018-3, LP (hereinafter, "WVJP") respectfully moves for order

26 excusing court-appointed receiver, Krista Freitag of 3E Advisors (the "Receiver"), from turning

27 over to the Chapter 7 Trustee that certain residential rental property located at 195 Balboa Way,

28 San Bruno, CA 94066 (the "Balboa Property").

This motion is brought pursuant to 11 U.S.C. §§ 105 and 543(d), on the ground that the interests of creditors would be better served by permitting the Receiver to remain in possession, custody, and control of the Balboa Property.

The motion is based on the instant motion, the accompanying Memorandum of Points and Authorities, the Declaration of Kevin S. Eikenberry, and the Notice of Hearing, all of which are being served and filed concurrently herewith.

WHEREFORE, WVJP prays for an order as follows:

1. Excusing the Receiver from turning over the Balboa Property to the Chapter 7 Trustee; and

2. Granting such other and further relief as may be just and proper.

Dated: March 18, 2021

CURRY ADVISORS
A Professional Law Corporation

/s/ K. Todd Curry

By: _____
K. Todd Curry
Counsel for Secured Creditor
WVJP 2018-3, LP

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

Secured creditor WVJP 2018-3, LP (hereinafter, "WVJP") is the assignee of a judgment (the "Judgment") against the Debtors that arose out of a business dispute in which the Debtors sued their commercial landlord (Codding Enterprises) and related parties, in the litigation entitled *Narsi Samii and Dounia R. Samii v. Codding Enterprises, et al.*, Sonoma County Superior Court Case No. SCV 241756 (consolidated with Case No. SCV 242418 (the "State Court Litigation"). When the landlord prevailed, it was awarded attorneys' fees in the amount of $243,300 against the Debtors. The Judgment consists of the November 4, 2019 judgment against the Debtors and the April 16, 2010 Order awarding attorneys' fees against the Debtors. *See* the Declaration of Kevin S. Eikenberry dated March 18, 2021 ("Eikenberry Declaration"), ¶¶ 2-3 & Exs. 1-2.

An Abstract of Judgment was recorded in Sonoma County on November 8, 2011. Eikenberry Declaration, ¶ 4 & Ex. 3. Pursuant to an Acknowledgment of Assignment of Judgment filed in the State Court Litigation on October 7, 2019, WVJP received an assignment of the Judgment. Eikenberry Declaration, ¶ 5 & Ex. 4. On October 7, 2019, WVJP recorded an Amended Abstract of Judgment in Sonoma County (to reflect WVJP as assignee of record), and on October 7, 2019, WVJP recorded an Abstract of Judgment in San Mateo County. Eikenberry Declaration, ¶¶ 6-7 & Exs. 5-6. On October 9, 2019, WVJP renewed the Judgment in the amount of $474,270.24 by filing a Application For and Renewal of Judgment in the State Court Litigation. Eikenberry Declaration, ¶ 8 & Ex. 7. Certified copies of the Application For and Renewal of Judgment were recorded on October 25, 2019 in the Sonoma County Recorder's Office and on November 1, 2019 in the San Mateo County Recorder's Office. Eikenberry Declaration, ¶ 9 & Exs. 8-9.

As of March 18, 2021, the Judgment balance is not less than $573,171.42, which is calculated by taking the Judgment amount of $474,270.24 upon renewal on October 9, 2019, adding interest at the California legal judgment rate of 10% per annum ($129.93 per day) for 526 days, which is $68,343.18, and adding post-judgment attorneys' fees and costs of $30,558

through January 29, 2020, which have been added to the Judgment. Additional post-judgment attorneys' fees and costs incurred after January 29, 2020, in amounts subject to proof, will also need to be added to the Judgment. Eikenberry Declaration, ¶ 10.

On March 2, 2020, WVJP filed in the State Court Litigation a motion to appoint a receiver. The motion was granted in part by Order entered on June 22, 2020 (the "Receivership Order"). Eikenberry Declaration, ¶ 11 & Ex. 10. The Receivership Order appointed Krista Freitag of 3E Advisors (the "Receiver") as receiver of the Debtors' residential rental property (a single family residence) located at 195 Balboa Way, San Bruno, CA 94066 (the "Balboa Property"). The Receivership Order also granted the Receiver the power to sell the Balboa Property. Eikenberry Declaration, ¶ 12 & Ex. 10 at p.2.

After marketing, the Receiver entered into an agreement to sell the Balboa Property for $1,305,000, subject to overbids and approval by the Superior Court in the State Court Litigation. A motion to approve the above-described sale of the Balboa Property is scheduled to be heard in the State Court Litigation on April 7, 2021. Eikenberry Declaration, ¶ 13 & Exs. 11-12. It is imperative that the sale be approved in a timely manner, because the purchaser is accomplishing a 1031 tax-deferred exchange and has a hard closing deadline of May 18, 2021, and if the sale does not close, the purchaser might be lost and might also sustain damages from an inability to complete a 1031 exchange. Eikenberry Declaration, ¶ 14. In light of the urgency, WVJP expects to file a motion for an order shortening time with respect to the instant motion and its soon to be filed motion for relief from the automatic stay.

The Debtors listed the Balboa Property in their Schedule A with a value of $1,224,108. Docket No. 1. They admit in their Schedule D that deeds of trust of $685,981 and $146,245 encumber the Balboa Property, that WVJP's judgment lien (referred to in Schedule D as belonging to Codding Enterprises) recorded in San Mateo County also encumbers the Balboa Property, and that WVJP is **under secured** by $121,731 as to the Balboa Property. *See* Docket No. 1 (Schedule D).[1] Thus, the Debtors admit that they have no equity in the Balboa Property.

---

[1] The Debtors' Schedule A admits that they acquired the Balboa Property in 2004. *See* Docket No. 1 (Schedule A). Therefore, when WVJP recorded the Abstract of Judgment in San

Using the updated Judgment balance as of March 18, 2021 and the Debtors' property value and loan balances, WVJP presently is under secured by $181,289.42 ($1,224,108 - $685,981- $146,245 - $573,171.42) in the Balboa Property. Using the Receiver's proposed sale price of $1,305,000, WVJP is still under secured by $100,397.42 ($1,305,000 - $685,981- $146,245 - $573,171.42). Once costs of sale are included, the under secured amounts become even larger. Given the Debtors' admitted and otherwise clearly established lack of equity in the Balboa Property, WVJP intends to file a motion for relief from the automatic stay shortly after filing the instant motion. It also bears noting that the Debtors' schedules reveal that they have total unsecured debt of only $3,252.00, which indicates that the Debtors do not need Chapter 7 relief and filed their Chapter 7 case to thwart WVJP's collection efforts in what amounts to a classic two-party dispute. *See* Docket No. 1 (Schedule E/F).

As discussed below, the Receiver should be allowed to remain in possession of the Balboa Property. The Chapter 7 Trustee will be required to abandon the Balboa Property in light of the Debtors' lack of equity. Forcing turnover of the Balboa Property only to have it abandoned such that the WVJP would need to reinstate the receivership and the Receiver after abandonment would cause an enormous waste of time, expense, effort, and judicial resources, would cause damage to the prospective buyer, and would prejudice WVJP and the bankruptcy estate.

**II.     The Receiver Should be Excused From Turnover of the Balboa Property.**

Bankruptcy Code section 543(b) provides as follows:

(b) A custodian shall--

> (1) deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case; and

/ / /

---

Mateo County on October 7, 2019, a judgment lien was created against the Balboa Property. See Cal. Code Civ. Proc. § 697.310(a).

> (2) file an accounting of any property of the debtor, or proceeds, product, offspring, rents, or profits of such property, that, at any time, came into the possession, custody, or control of such custodian.

11 U.S.C. § 543(b). A receiver is a custodian within the meaning of this section. *See* 11 U.S.C. § 101(11)(A); *In re Sundance Corp., Inc.*, 149 B.R. 641, 649 (Bankr. E.D. Wash. 1993) (a receiver appointed before the petition date is a custodian). Bankruptcy Code section 543(d) provides, in pertinent part, as follows:

> After notice and hearing, the bankruptcy court--
>
> > (1) may excuse compliance with subsection (a), (b), or (c) of this section if the interests of creditors . . . would be better served by permitting a custodian to continue in possession, custody, or control of such property . . . .

11 U.S.C. § 543(d).

Grounds for excusing compliance with the turnover requirement of section 543(b) include the following: (1) whether there will be sufficient income to fund a successful reorganization; (2) whether the debtor will use the property for the benefit of creditors; and (3) whether there has been mismanagement by the debtor. *In re Orchards Village Invests. LLC*, 405 B.R. 341, 352-53 (Bankr. D. Or. 2009); *see also Dill v. Dime Savings Bank, FSB (In re Dill)*, 163 B.R. 221, 225 (E.D.N.Y.1994). The interests of ***a debtor*** are not among the criteria considered when applying section 543(d). *In re Dill*, 163 B.R. at 225. The factors applicable to the instant case support excusing the Receiver from turnover.

First, there is no reorganization because this is a Chapter 7 case.

Second, the Debtors admit in their bankruptcy schedules that there is no equity in the Balboa Property, so the Balboa Property will not benefit creditors in any way.

Third, due to the lack of equity in the Balboa Property, the Chapter 7 Trustee will be required to abandon the Balboa Property pursuant to Bankruptcy Code section 554. 11 U.S.C. § 554(a), (b); *see also In re Hodges*, 518 B.R. 445, 452-53 (E.D. Tenn. 2014) (compelling abandonment of real property that would generate approximately $5,000 for the debtor's estate and would generate nothing for unsecured creditors). Terminating the receivership now, only to

have the Balboa Property abandoned later, would cause WVJP to have to reinstate the receivership and the Receiver in the State Court Litigation, would consume more time and multiply the expense for the state court and WVJP, would delay and possibly irreparably harm the buyer of the Balboa Property (who must close a 1031 exchange by May 18, 2021), and would increase WVJP's claim against the Debtor and the Debtor's bankruptcy estate, all to the detriment of the estate and unsecured creditors (if there are any unsecured claims beyond the minimal $3,252.00 of unsecured claims the Debtors listed in their schedules).

Fourth, the Receiver is managing the Balboa Property, including by collecting rents and paying mortgages, taxes, and insurance. WVJP had to advance $15,000 to help cover receivership expenses, and the bankruptcy estate appears to have no resources with which to make similar advances in the future if necessary. Eikenberry Declaration, ¶ 15; Docket No. 1 (Schedules A, B) The Debtors have no incentive to properly manage the Balboa Property given the lack of equity therein, and the Chapter 7 Trustee has no resources with which to engage a property manager, so allowing the Receiver to remain in possession is the only practical way to ensure continued proper management of the Balboa Property and to avoid the inevitable mismanagement that would result from a forced turnover.

Finally, WVJP is about to file a motion for relief from the automatic stay to allow the Receiver's sale of the Balboa Property to proceed because, among other reasons, the Debtors admit they lack equity in the Balboa Property, and such property is not necessary for an effective reorganization given that this is a Chapter 7 case. *See* 11 U.S.C. § 362(d)(2) (the court "shall" grant stay relief under such circumstances); *see also Nevada Nat'l Bank v. Casgul of Nevada, Inc. (In re Casgul of Nevada, Inc.)*, 22 B.R. 65, 66 (9th Cir. BAP 1982) (in a Chapter 7 case, a lack of equity requires that stay relief be granted). At a minimum, the Receiver should be permitted to retain possession of the Balboa Property pending determination of WVJP's motion for relief from the automatic stay.

/ / /

/ / /

/ / /

## III. Conclusion

For the reasons stated above, WVJP respectfully requests that the Court issue an order excusing the Receiver from turning over the Balboa Property to the Chapter 7 Trustee, and granting such other and further relief as may be just and proper.

Dated: March 18, 2021

CURRY ADVISORS
A Professional Law Corporation

By: /s/ K. Todd Curry
_____
K. Todd Curry
Counsel for Secured Creditor
WVJP 2018-3, LP