CURRY ADVISORS
A Professional Law Corporation
  K. Todd Curry (149360)
185 West F Street, Ste. 100
San Diego, California 92101
Telephone:  (619) 238-0004
Fax Number: (619) 238-0006
email: tcurry@currylegal.com

Counsel for Secured Creditor
WVJP 2018-3, LP

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>NARSI SAMII and<br><br>DOUNIA ROFII SAMII,<br><br>Debtors.<br>_____<br>WVJP 2018-3, LP,<br><br>Movant,<br><br>v.<br><br>NARSI SAMII; DOUNIA ROFII SAMII; CHAPTER 7 TRUSTEE TIMOTHY W. HOFFMAN; OCWEN LOAN SERVICING, LLC; and WELLS FARGO MORTGAGE,<br><br>Respondents.<br>_____ | CASE NO. 21-10111<br><br>RS No. KTC-1<br><br>Chapter 7<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW COURT-APPOINTED RECEIVER TO SELL REAL PROPERTY;<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Preliminary Hearing:<br><br>Date:    April 7, 2021<br>Time:    11:00 a.m.<br>Trustee: Timothy W. Hoffman<br>Judge:   Hon. Charles Novak<br>Court:   99 South E Street<br>         Santa Rosa, CA  95404<br>         (Via Tele/Videoconference) |

TO: CHAPTER 7 TRUSTEE TIMOTHY W. HOFFMAN, THE DEBTORS, AND OTHER

INTERESTED PARTIES:

/ / /

Secured creditor WVJP 2018-3, LP (hereinafter, "WVJP") respectfully moves for relief from the automatic stay to allow court-appointed receiver, Krista Freitag of E3 Advisors (the "Receiver"), to complete the pending sale of that certain residential rental property located at 195 Balboa Way, San Bruno, CA 94066 (the "Balboa Property") and to pay all liens and costs of sale at the closing.

This motion is brought pursuant to 11 U.S.C. §§ 105 and 362(d), on the grounds that: (1) the Debtors lack equity in the Balboa Property, and the Balboa Property is not necessary for an effective reorganization because this is a Chapter 7 case; and (2) cause exists in that the Debtors filed their Chapter 7 case in bad faith.

The motion is based on the instant motion, the accompanying Memorandum of Points and Authorities, the Declaration of Kevin S. Eikenberry, and the Notice of Hearing, all of which are being served and filed concurrently herewith.

WHEREFORE, WVJP prays for an order as follows:

1. Granting relief from the automatic stay to allow the Receiver to complete the pending sale of the Balboa Property, and to pay all liens and costs of sale at the closing; and

2. Granting such other and further relief as may be just and proper.

Dated: March 23, 2021

CURRY ADVISORS
A Professional Law Corporation

By: /s/ K. Todd Curry
_____
K. Todd Curry
Counsel for Secured Creditor
WVJP 2018-3, LP

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

Secured creditor WVJP 2018-3, LP (hereinafter, "WVJP") is the assignee of a judgment (the "Judgment") against the Debtors that arose out of a business dispute in which the Debtors sued their commercial landlord (Codding Enterprises) and related parties, in the litigation entitled *Narsi Samii and Dounia R. Samii v. Codding Enterprises, et al.*, Sonoma County Superior Court Case No. SCV 241756 (consolidated with Case No. SCV 242418) (the "State Court Litigation"). When the landlord prevailed, it was awarded attorneys' fees in the amount of $243,300 against the Debtors. The Judgment consists of the November 4, 2019 judgment against the Debtors and the April 16, 2010 Order awarding attorneys' fees against the Debtors. *See* the Declaration of Kevin S. Eikenberry dated March 23, 2021 ("Eikenberry Declaration"), ¶¶ 2-3 & Exs. 1-2.

An Abstract of Judgment was recorded in Sonoma County on November 8, 2011. Eikenberry Declaration, ¶ 4 & Ex. 3. Pursuant to an Acknowledgment of Assignment of Judgment filed in the State Court Litigation on October 7, 2019, WVJP received an assignment of the Judgment. Eikenberry Declaration, ¶ 5 & Ex. 4. On October 7, 2019, WVJP recorded an Amended Abstract of Judgment in Sonoma County (to reflect WVJP as assignee of record), and on October 7, 2019, WVJP recorded an Abstract of Judgment in San Mateo County. Eikenberry Declaration, ¶¶ 6-7 & Exs. 5-6. On October 9, 2019, WVJP renewed the Judgment in the amount of $474,270.24 by filing a Application For and Renewal of Judgment in the State Court Litigation. Eikenberry Declaration, ¶ 8 & Ex. 7. Certified copies of the Application For and Renewal of Judgment were recorded on October 25, 2019 in the Sonoma County Recorder's Office and on November 1, 2019 in the San Mateo County Recorder's Office. Eikenberry Declaration, ¶ 9 & Exs. 8-9.

As of March 18, 2021, the Judgment balance was not less than $573,171.42, which is calculated by taking the Judgment amount of $474,270.24 upon renewal on October 9, 2019, adding interest at the California legal judgment rate of 10% per annum ($129.93 per day) for 526 days, which is $68,343.18, and adding post-judgment attorneys' fees and costs of $30,558

through January 29, 2020, which have been added to the Judgment. Additional post-judgment attorneys' fees and costs incurred after January 29, 2020, in amounts subject to proof, will also need to be added to the Judgment. Eikenberry Declaration, ¶ 10.

On March 2, 2020, WVJP filed in the State Court Litigation a motion to appoint a receiver. The motion was granted in part by Order entered on June 22, 2020 (the "Receivership Order"). Eikenberry Declaration, ¶ 11 & Ex. 10. The Receivership Order appointed Krista Freitag of E3 Advisors (the "Receiver") as receiver of the Debtors' residential rental property (a single family residence) located at 195 Balboa Way, San Bruno, CA 94066 (the "Balboa Property"). The Receivership Order also granted the Receiver the power to sell the Balboa Property. Eikenberry Declaration, ¶ 12 & Ex. 10 at p. 2.

After marketing, the Receiver entered into an agreement to sell the Balboa Property for $1,305,000, subject to overbids and approval by the Superior Court in the State Court Litigation. A motion to approve the above-described sale of the Balboa Property is scheduled to be heard in the State Court Litigation on April 7, 2021. Eikenberry Declaration, ¶ 13 & Exs. 11-12. It is imperative that the sale be approved in a timely manner, because the purchaser is accomplishing a 1031 tax-deferred exchange and has a hard closing deadline of May 18, 2021, and if the sale does not close, the purchaser might be lost and might also sustain damages from an inability to complete a 1031 exchange. Eikenberry Declaration, ¶ 14. In light of the urgency, WVJP expects to file a motion for an order shortening time with respect to the instant motion for relief from the automatic stay.

The Debtors listed the Balboa Property in their Schedule A with a value of $1,224,108. Docket No. 1. They admit in their Schedule D that deeds of trust of $685,981 and $146,245 encumber the Balboa Property, that WVJP's judgment lien (referred to in Schedule D as belonging to Codding Enterprises) recorded in San Mateo County also encumbers the Balboa Property, and that WVJP is **under secured** by $121,731 as to the Balboa Property. *See* Docket No. 1 (Schedule D).[1] Thus, the Debtors admit that they have no equity in the Balboa Property.

---

[1] The Debtors' Schedule A admits that they acquired the Balboa Property in 2004. *See* Docket No. 1 (Schedule A). Therefore, when WVJP recorded the Abstract of Judgment in San

Using the updated Judgment balance as of March 18, 2021 and the Debtors' property value and loan balances, WVJP presently is under secured by $181,289.42 ($1,224,108 - $685,981- $146,245 - $573,171.42) in the Balboa Property. Using the Receiver's proposed sale price of $1,305,000, WVJP is still under secured by $100,397.42 ($1,305,000 - $685,981- $146,245 - $573,171.42). Once costs of sale are included, the under secured amounts become even larger.

The Debtors' schedules reveal that they have total unsecured debt of only $3,252 from three creditors: (1) Chase Card Services ($472); (2) Discover Financial ($135); and (3) United Healthcare ($2,645). Thus, the Debtors do not need Chapter 7 relief and they filed their case to thwart WVJP's collection efforts in what amounts to a classic two-party dispute. *See* Docket No. 1 (Schedule E/F).

As discussed below, relief from the automatic stay should be granted, and the Receiver should be allowed to complete the pending sale of the Balboa Property and to pay all liens and costs of sale at the closing, because the Debtors lack equity in the property, the property is not necessary for an effective reorganization, and the Debtors otherwise filed their Chapter 7 case in bad faith.

**II.  The Debtors Lack Equity in the Balboa Property and it is not Necessary for an Effective Reorganization.**

Bankruptcy Code section 362(d)(2) provides as follows:

> (d) On request of a party in interest and after notice and a hearing, the court ***shall*** grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–
>
> . . .
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if--
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization . . . .

---

Mateo County on October 7, 2019, a judgment lien was created against the Balboa Property. *See* Cal. Code Civ. Proc. § 697.310(a).

11 U.S.C. § 362(d)(2) (emphasis added). As explained in Part I above, the Debtors admit they lack equity in the Balboa Property. In addition, such property is not necessary for an effective reorganization given that this is a Chapter 7 case. Therefore, section 362(d)(2) requires that stay relief be granted. 11 U.S.C. § 362(d)(2) (the court "shall" grant stay relief under such circumstances); *see also Nevada Nat'l Bank v. Casgul of Nevada, Inc. (In re Casgul of Nevada, Inc.)*, 22 B.R. 65, 66 (9th Cir. BAP 1982) (in a Chapter 7 case, a lack of equity requires that stay relief be granted). Simply, the Balboa Property will generate nothing for unsecured creditors, which means that the Chapter 7 Trustee will be required to abandon the Balboa Property pursuant to Bankruptcy Code section 554. 11 U.S.C. § 554(a), (b); *see also In re Hodges*, 518 B.R. 445, 452-53 (E.D. Tenn. 2014) (compelling abandonment of real property that would generate approximately $5,000 for the debtor's estate and would generate nothing for unsecured creditors). There being no reason to retain the Balboa Property, stay relief should be granted forthwith, particularly given that the pending sale of the property by the Receiver likely will be lost if the sale is not timely closed.

### III. Cause Exists for Relief from the Automatic Stay Because the Debtors Filed Their Chapter 7 Case in Bad Faith.

Bankruptcy Code section 362(d)(1) provides as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . .

11 U.S.C. § 362(d)(1). Independently from the grounds for relief from the automatic stay under section 362(d)(2), cause exists for relief from the automatic stay when the debtor files a bankruptcy case in bad faith. *See Little Creek Devel. Co. v. Commonwealth Mortgage Corp. (In re Little Creek Devel. Co.)*, 779 F.2d 1068, 1072-73 (5th Cir.1986) (bad faith factors warranting stay relief); *see also Phoenix Piccadilly, Ltd. v. Life Ins. Co. of Virginia (In re Phoenix Piccadilly, Ltd.)*, 849 F.3d 1393, 1394 ("An automatic stay may be terminated for 'cause'

pursuant to section 362(d)(1) of the Bankruptcy Code if a petition was filed in bad faith); *Natural Land Corp. v. Baker Farms, Inc. (In re Natural Land Corp.)*, 825 F.2d 296, 298 (11th Cir.1987). The bankruptcy court in *Phoenix Piccadilly, Ltd.* found the following factors evidenced bad faith, a finding that was upheld by the court of appeal:

> (i) The Debtor has only one asset, the Property, in which it does not hold legal title;
>
> (ii) The Debtor has few unsecured creditors whose claims are small in relation to the claims of the Secured Creditors;
>
> (iii) The Debtor has few employees;
>
> (iv) The Property is the subject of a foreclosure action as a result of arrearages on the debt;
>
> (v) The Debtor's financial problems involve essentially a dispute between the Debtor and the Secured Creditors which can be resolved in the pending State Court Action; and
>
> (vi) The timing of the Debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the Debtor's secured creditors to enforce their rights.

*Phoenix Piccadilly, Ltd.,* 849 F.3d at 1394 1393, 1394-95. In determining whether the debtor has acted in bad faith, courts generally consider factors that evidence "an intent to abuse the judicial process and the purposes of the reorganization provisions" or, in particular, factors which evidence that the petition was filed "to delay or frustrate the legitimate efforts of secured creditors to enforce their rights." *Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.)*, 749 F.2d 670, 674 (11th Cir.1984). Thus, relief from the automatic stay for cause under section 362(d)(1) exists when the debtor is impermissibly seeking to use the bankruptcy court as a refuge from the jurisdiction of another court. *See Sherman v. SEC (In re Sherman)*, 491 F.3d 948, 971-72 (9th Cir. 2007); *In re Club Tower, L.P.*, 138 B.R. 307 (Bankr. N.D. Ga. 1991) (relief from stay granted). "If it is obvious that a debtor is attempting unreasonably to deter and harass creditors in their bona fide efforts to realize upon their securities, good faith does not exist." *Meadowbrook Investors' Group v. Thirtieth Place, Inc. (In re Thirtieth Place, Inc.)*, 30 B.R. 503, 505 (BAP 9th Cir. 1983) (quoting *Loeb Apartments, Inc. v. Malwitz (In re Loeb Apartments, Inc.)*, 89 F.2d 461, 463 (7th Cir. 1937)). As the Court stated in *In re Thirtieth Place*:

> The predominant purpose in filing the petition was to prevent foreclosure upon the heavily encumbered property. It must be noted that there was no plan contemplated for the infusion of capital, no gain in managerial expertise, no history of past business conduct, no employees and indeed, no current business activity on the date of the commencement of the case nor are there any reasonable prospects for the conduct of future business. In short, the debtor was created for the sole purpose of obtaining protection under the automatic stay by filing bankruptcy.

*In re Thirtieth Place, Inc.*, 30 B.R. at 505-06.

Here, the Debtors have no unsecured creditors to speak of, as they listed in their Schedules only $3,252 of unsecured debt from three creditors, which is hardly a burdensome amount of debt in relation to their income of $5,590 per month. *See* Docket No. 1 (Schedules E/F, and I). The Debtors have no employees. The Balboa Property is the subject of an enforcement action and effort to sell it in the State Court Litigation as a result of the Debtors not paying WVJP's judgment. The Debtors' financial problems involve essentially a two-party dispute between the Debtors and WVJP, which can be resolved in the pending State Court Litigation. The Debtors filed their bankruptcy petition to thwart the legitimate sale of the Balboa Property by the Receiver in the pending State Court Litigation. As explained above, the Receiver's power granted by the Superior Court included the power to sell the Balboa Property, and the Receiver's motion to approve the sale is scheduled for April 7, 2021. The Debtors have been unsuccessful in the State Court Litigation in preventing such a sale, so they resorted to a bankruptcy filing hoping to delay the sale or to prevent it altogether. And the timing of the Debtors' bankruptcy filing, with the Receiver's sale of the Balboa Property pending, evidences the Debtors' intent to delay and frustrate WVJP's legitimate efforts to enforce its rights. As noted above, the Debtors admit there is no equity in the Balboa Property, so preservation of equity for creditors was not a factor in choosing to file a Chapter 7 bankruptcy petition. WVJP faces prejudice from delay, not only due to further accruing interest on its Judgment and further accruing attorneys' fees and costs, but also because the buyer for the Balboa Property could be lost if the sale is not closed, as the buyer has a hard deadline in May to complete a 1031 tax-deferred exchange. For the same reason, the buyer also faces significant and possibly irreparable

harm if a sale is not timely closed, as the buyer would not be able to defer taxes if the anticipated 1031 exchange fails.

Under all of the circumstances described above, the Debtors lacked good faith in filing their Chapter 7 case, and that lack of good faith constitutes cause for relief from the automatic stay under section 362(d)(1).

**IV. Conclusion**

For the reasons stated above, WVJP respectfully requests that the Court issue an order (1) granting relief from the automatic stay to allow the Receiver to complete the pending sale of the Balboa Property, and to pay all liens and costs of sale at the closing, and (2) granting such other and further relief as may be just and proper.

Dated: March 23, 2021

CURRY ADVISORS
A Professional Law Corporation

By: /s/ K. Todd Curry
_____
K. Todd Curry
Counsel for Secured Creditor
WVJP 2018-3, LP